UNITED STATES of America,
Plaintiff—Appellee,

v.

Susan SERRANO, Defendant—
Appellant.

No. 06–10271.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2007.

Filed June 19, 2007.

Matthew D. Segal, Esq., Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Norman L. Schafler, Law Offices of Norman L. Schafler, Los Angeles, CA, for Defendant–Appellant.

Before: BYBEE and M. SMITH, Circuit Judges, and SEABRIGHT,* District Judge.

MEMORANDUM **

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Susan Serrano ("Appellant") was convicted by a jury for committing health care fraud in violation of 18 U.S.C. § 1347 and sentenced to 78 months imprisonment. On appeal, she asserts that errors at trial and sentencing require the reversal of her conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Appellant's conviction and sentence.

■ First, Appellant asserts that the district court erred in making certain statements during trial. Because Appellant did not object to these statements at trial or make a motion for a mistrial, we review Appellant's allegations of judicial misconduct for plain error. *See United States v. Morgan,* 376 F.3d 1002, 1006–07 (9th Cir.2004). To demonstrate error, Appellant must establish that "the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." *United States v. Laurins,* 857 F.2d 529, 537 (9th Cir.1988). We hold that none of the comments referenced by Appellant—stating that Appellant's counsel was from Los Angeles, telling a witness to show an exhibit to the entire court, allegedly frustrating counsel's questions as to a witness's use of the terms "provided" and "rendered," telling counsel "you know better than that" in response to repeated questions about missing pages in an exhibit, allegedly disrupting counsel's questioning

* The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

regarding Appellant's 1987 exam results, telling counsel "you must not have been listening" after counsel continued to question a witness about claim detail reports (CDRs), and overruling counsel's objection to the prosecution shouting at Appellant during her testimony—constituted more than routine trial administration and were not sufficiently prejudicial to be plainly erroneous.

■ Second, Appellant argues that the district court erred in admitting certain documents offered by the government into evidence. We review a district court's evidentiary rulings for an abuse of discretion. *See United States v. Sua*, 307 F.3d 1150, 1152 (9th Cir.2002). Here, the court did not abuse its discretion in allowing Appellant's Medicare application to be submitted without the associated instructional pages because the government explained why Appellant's completed application—submitted online—would have lacked the instructional pages and, regardless, cured any defect by also introducing a complete version of the application into evidence. Likewise, the court did not abuse its discretion by admitting the CDRs into evidence because they satisfied the requirements of Federal Rule of Evidence 803(6) to be admissible under the business records exception to the hearsay rule. *See* FED.R.EVID. 803(6); *United States v. Scholl*, 166 F.3d 964, 978 (9th Cir.1999).

■ Third, Appellant asserts that the district court erred in its response to the jury's request for clarification as to a jury instruction. However, because Appellant's counsel engaged in the discussion of potential responses to the jury's request for clarification and the ultimate instruction to the jury reflects the exact phrase suggested by counsel, any error was invited error and the issue is waived. *See United States v. Perez*, 116 F.3d 840, 844–45 (9th Cir. 1997).

■ Fourth, Appellant asserts that the district court erred in applying U.S. Sentencing Guideline § 2B1.1 to increase Appellant's offense level based on loss caused. We review the district court's interpretation of the Sentencing Guidelines de novo and estimates of loss for clear error. *See United States v. Barnes*, 125 F.3d 1287, 1290 (9th Cir.1997). The commentary to § 2B1.1 indicates that "loss" for purposes of the enhancement is "the greater of actual loss or intended loss." U.S. SENTENCING GUIDELINE § 2B1.1, cmt. n. 3(A). "Actual loss" is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense," § 2B1.1, cmt. n. 3(A)(i), while "intended loss" is "the pecuniary harm that was intended to result from the offense," § 2B1.1, cmt. n. 3(A)(ii). It is irrelevant to the intended loss calculation whether or not the intended harm "would have been impossible or unlikely to occur." § 2B1.1, cmt. n. 3(A)(ii) (citing "an insurance fraud in which the claim exceeded the insured value" as an example); *see United States v. McCormac*, 309 F.3d 623, 628 (9th Cir.2002); *United States v. Blitz*, 151 F.3d 1002, 1010–11 (9th Cir.1998). We hold that the district court properly interpreted § 2B1.1 and that the court did not clearly err when it approximated the intended loss as the amounts Appellant submitted to Medicare and Medi–Cal for reimbursement.

■ Fifth, Appellant contends that the district court erred in applying U.S. Sentencing Guideline § 3C1.1 for obstruction based on Appellant's trial testimony to enhance Appellant's sentence. Appellant argues that, as a licensed audiologist, she is exempt from the Hearing Aid Bureau Code's requirement of having a hearing aid license to dispense hearing aids. *See* CAL. BUS. & PROF.CODE 3351.3. However, even if correct, Appellant's argument does not contradict the district court's basis for applying the obstruction enhancement,

namely that Appellant's application for a license to dispense hearing aids demonstrated that her testimony that she did not know her license had expired in 2002 was untruthful. Moreover, Appellant's challenge to the obstruction enhancement ignores the other reasons for applying the enhancement, specifically that during the December 1, 2005, detention hearing, Appellant "lied and presented information to the Pretrial Services officer contradicting prior financial information placed on record to the Court," and that Appellant falsely testified that she visited convalescent homes with a doctor in 2003 and that the doctor maintained a space at her business through 2003. Because Appellant does not challenge the district court's interpretation of the Sentencing Guidelines or the district court's factual findings, and her argument is unrelated to those findings, we hold that the district court did not err in applying the obstruction enhancement under § 3C1.1.

Accordingly, we **AFFIRM** Appellant's conviction and sentence.